UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

## CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-09545-CAS(VBKx) | Date | March 6, 2014 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants |
| Not Present | | Not Present |

**Proceedings:**   (In Chambers:) DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT (dkt. 12, filed January 31, 2014)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 10, 2014, is vacated, and the matter is hereby taken under submission.

## I.     INTRODUCTION AND BACKGROUND

On December 30, 2013, plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation-Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust filed suit against defendants Smith-Emery Company. Plaintiffs seek to recover allegedly unpaid benefit contributions to the Operating Engineers Pension Trust, Operating Engineers Health and Welfare Fund, Operating Engineers Vacation-Holiday Savings Trust, and Operating Engineers Training Trust (collectively, "Trust Funds"). Compl. ¶ 18. Plaintiff alleges that defendant owes the fringe benefit contributions pursuant to a 2007 collective bargaining agreement between defendant and Local Union No. 12 of the International Union of Operating Engineers ("Local No. 12"), as well as subsequent amendments and related trust agreements. Id. ¶¶ 5, 9-12. Plaintiffs assert claims for (1) breach of written collective bargaining agreements and related trust agreements, (2) violation of § 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145, and (3) breach of contract for contractual bond.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-09545-CAS(VBKx) | Date | March 6, 2014 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

On January 12, 2014, defendant filed a motion to dismiss or a more definite statement. On February 14, 2014, plaintiffs filed their opposition, and on February 21, 2014, defendant replied. After considering the parties' arguments, the Court finds and concludes as follows.

**II.   ANALYSIS**

For the reasons set forth below, the Court finds that defendant's motion for a more definite statement should be granted. Fed. R. Civ. P. 12(e) provides, in relevant part: "A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." The Court begins by noting that "[m]otions for a more definite statement are viewed with disfavor, and are rarely granted." Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal.1999). A motion filed pursuant to Rule 12(e) "must point out the defects complained of and the details desired." Fed. R. Civ. P. 12(e). "Such a motion is likely to be denied where the substance of the claim has been alleged, even though some of the details are omitted." True v. American Honda Moro Co., Inc., 520 F. Supp. 2d 1175, 1180 (C.D. Cal.2007). By contrast, "a Rule 12(e) motion is more likely to be granted where the complaint is so general that ambiguity arises in determining the nature of the claim or the parties against whom it is being made." Sagan v. Apple Computer, Inc., 874 F. Supp. 1072, 1077 (C.D. Cal. 1994).

Here, the Court finds that defendant has met the high burden of showing that the complaint is so vague that it is unable to "frame a responsive pleading." Boxall v. Sequoia Union High Sch. Dist., 464 F. Supp. 1104, 1114 (N.D. Cal. 1979). In particular, although the complaint provides sufficient detail about the nature of the contractual relationship between defendants, Local No. 12, and the Trust Funds, the entirety of the complaint's allegations that defendant has failed to comply with its contractual responsibilities is confined to a single paragraph. Paragraph 18, in full, states that:

> The Trustees are informed and believe, and thereon allege, that for the time period of January 1, 2010, through the present, Smith Emery has failed to pay fringe benefit contributions and/or damages in amounts not presently known to the Trustees. The exact amount of contributions and/or contract damages due and owing has not been ascertained at this time. These amounts will be

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-09545-CAS(VBKx) | Date | March 6, 2014 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

established by proof at the trial herein. The amounts are due and payable at the Trust Funds' administrative offices in Pasadena, California.

Compl. ¶ 18.  At bottom, this paragraph asserts nothing more than that defendant has failed to pay the Trust Funds some amount of money.  It does not identify what fringe benefit contributions defendant has allegedly failed to pay or explain why plaintiffs believe that defendant has failed to comply with its contractual obligations.  Although plaintiffs are correct that they "are not required to 'make their case' against Smith-Emery by pleading specific evidentiary facts" in their complaint, opp. 5 (emphasis omitted), the isolated assertion that defendant owes plaintiffs money does not provide sufficient notice to defendant of the nature of plaintiffs' claims.  In particular, defendant cannot reasonably prepare an answer responding to the allegations in Paragraph 18 because plaintiff has not provided any information identifying the allegedly unpaid contributions. The "minimal pleading requirements of the Federal Rules" Sagan, 874 F. Supp. at 1077, do not require much, but they require more than plaintiffs have provided here.

### IV.   CONCLUSION

In accordance with the foregoing, defendant's motion for a more definite statement is hereby GRANTED.  Plaintiffs shall have until and including **March 21, 2014**, to file an amended complaint containing additional identifying information regarding the allegedly unpaid contributions.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | CMJ |