UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**   **JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
|---|---|---|---|
|  | 2:13-cv-09545-CAS (VBKx) |  |  |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

Present: The Honorable       CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:               Attorneys Present for Defendants:

Not Present                                Not Present

**Proceedings:**       (IN CHAMBERS) - PLAINTIFFS' MOTION FOR JUDGMENT (Filed June 6, 2016, Case No. 2:09-cv-01476-CAS Dkt. 271)

PLAINTIFFS' MOTION FOR ENFORCEMENT OF SETTLEMENT AND ENTRY OF JUDGMENT (Filed December 12, 2016, Case No. 2:09-cv-01476-CAS Dkt. 289)

PLAINTIFFS' MOTION FOR ENFORCEMENT OF SETTLEMENT AND ENTRY OF JUDGMENT (Filed December 12, 2016, Case No. 2:13-cv-09545-CAS Dkt. 73)

## I.    INTRODUCTION

These actions are ERISA trust fund collection suits. Defendant Smith-Emery Company ("SEC") is a signatory to a collective bargaining agreement ("CBA") with the International Union of Operating Engineers, Local Union No. 12 ("Local 12"). Defendant and Local 12 perform field inspection work on construction projects within Local 12's geographic jurisdiction. Pursuant to the CBA, defendant must pay fringe benefit contributions for the hours worked by covered employees to four distinct fringe benefit trust funds.

On March 2, 2009, Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust ("Trustees") initiated a suit to collect ERISA trust fund contributions from defendant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**     **JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
|---|---|---|---|
|  | 2:13-cv-09545-CAS (VBKx) |  |  |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

SEC pursuant to 29 U.S.C. §§ 1132(g) and 1145. Case No. 2:09-cv-01476-CAS ("the First Action") Dkt. 1. Plaintiffs allege in the First Action that based upon their audit of the hours worked from March 1, 2003, through December 31, 2009, SEC has failed to make all the required trust fund contributions for that period.

In their respective motions for summary judgment in the First Action, the parties disputed the preclusive effect of an arbitration award from 2006, granted during arbitration between Local 12 and SEC. The Court ruled in favor of defendant, finding that the arbitrator's decision did not have the preclusive effect sought by Trustees. First Action Dkt. 129. On August 30, 2013, after a bench trial, the Court entered judgment in Trustees' favor. Id. Dkt. 208. The parties cross-appealed, id. Dkt. 212 & 224, and, on March 23, 2016, the Ninth Circuit ruled in favor of Trustees, determining that the Court had erroneously failed to give preclusive effect to the 2006 arbitration award, id. Dkt. 262. The Ninth Circuit remanded for further proceedings regarding the amount of the monetary judgment for Trustees. Id. Dkt. 262. On June 6, 2016, plaintiffs filed a motion for judgment based upon the Ninth Circuit's ruling. Id. Dkt. 271.

On December 30, 2013, Trustees filed a substantially similar action alleging that SEC has failed to make required trust fund contributions for the period from January 1, 2010, through March 31, 2015. Case No. 13-cv-09545-CAS ("the Second Action"). The parties engaged in settlement negotiations and repeatedly agreed to continuances in the Second Action so that the parties could seek a global resolution of both cases.

On December 12, 2016, Trustees filed identical motions for enforcement of settlement and entry of judgment in both the First and the Second Action. First Action Dkt. 289, Second Action Dkt. 73. On December 19, 2016, defendant filed an opposition in both actions. On December 23, 2016, Trustees filed a reply in both actions. On January 9, 2017, the Court heard oral argument on the instant motions. After oral argument, the Court took both motions under submission and ordered that all deadlines in both actions be continued 30 days while the Court considered these motions. First Action Dkt. 300, Second Action Dkt. 87.

Having carefully considered the parties' arguments and evidence presented, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'**   **JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
|----------|--------------------------|------|------------------|
|          | 2:13-cv-09545-CAS (VBKx) |      |                  |
| Title    | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

## II.   BACKGROUND

Plaintiffs' motions for enforcement of settlement stem from the parties' settlement negotiations in 2016.  The parties attended two settlement conferences on July 19, 2016, and September 9, 2016, before the Honorable Margaret A. Nagle, United States Magistrate Judge (Retired).  Joseph Ehrbar, the Fund Manager of the four trusts at issue, attended on behalf of the Trustees together with Trustees' counsel, Marija Decker.  James Partridge, the President and majority shareholder of SEC, Gregory Partridge, Vice President of Smith-Emery of San Francisco, and Francis Lam, counsel for SEC, attended on behalf of SEC.[1]

At the conclusion of the September 9, 2016 settlement conference Decker and Gregory Partridge signed a handwritten memorandum of understanding ("MOU").[2]  In its entirety, the MOU provides:

MOU

Trustees of operating engineers, et al. vs. Smith Emery Company

A) $1.6 million total settlement amount
B) Stipulated judgments to be held in trust for:

---

[1] Lam is an attorney employed by Sidley Austin LLP.  Sidley Austin LLP has since withdrawn as counsel for SEC.

[2] Gregory Partridge is James Partridge's son.  Gregory Partridge has now submitted a declaration in which he states, "I am not an officer or employee of Smith-Emery Company."  First Action Dkt. 293-2, Gregory Partridge Decl. ¶ 2.  Although defendant notes the same in its opposition, see Opp'n at 2, defendant does not argue that Gregory Partridge lacked authority to bind SEC or sign a settlement agreement on its behalf. James Partridge appears to acknowledge that he was present when Gregory Partridge signed the MOU.  See Second Action Dkt. 78-1, James Partridge Decl. ¶ 3.  Additionally, Gregory Partridge signed the MOU in the presence of SEC's counsel.  First Action Dkt. 295-1, Ehrbar Decl. ¶ 7.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        **'O'   JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
|---|---|---|---|
|  | 2:13-cv-09545-CAS (VBKx) |  |  |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

      1) $310,408.41 + 5% interest over 10 years
      2) $1,289,591.59 + 5% interest over 10 years.

C) 5% interest on settlement amount

D) 10 years payment period

E) Audit period between April 2015 through September 30, 2016 for testing and inspection on post-installed anchor bolt, clerical errors, and other items consistent w/ 2010-2015 audit.

F) 90 day period to cure and bring current, interest on principal to continue to accrue during cure period.

G) Monthly payment terms; 120 total payments at $ 16,970.48 / month.

    [signed] Marija Kristich Decker         9/9/2016
                                              Date

    [signed] Gregory Partridge            9/9/2016
                                              Date

See First Action Dkt. 291, Decker Decl. Ex. A (the MOU).

      In his declaration, James Partridge states that "[a]t the time it was signed, I understood that the MOU was a tentative summary of certain terms (but not all terms) that might form the basis of a further agreement between SEC and Plaintiffs." James Partridge Decl. ¶ 4. James Partridge claims that "[i]n no way did I believe that the sparse terms of the MOU constituted a settlement agreement. Further, I have always maintained that any resolution of this case must be part of a global resolution that resolves all issues not only between SEC and Plaintiffs, but also between SEC and [Local 12]."[3] Id. ¶ 6.

---

      [3] On July 10, 2015, SEC filed an action against Local 12 in the Los Angeles County Superior Court alleging a claim for misrepresentation and fraud in relation to the CBA's scope. Thereafter, Local 12 removed the case to this Court; however, on October 15, 2015, the Court remanded the matter to state court. See generally Case No. 2:15-cv-06367-CAS-AFM.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     **'O'   JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
|---|---|---|---|
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

James Partridge does not claim that he told anyone that the MOU would be tentative or contingent before it was signed nor does James Partridge claim that anyone else communicated, at or before the time it was signed, that the MOU was not a complete and binding agreement.  See James Partridge Decl.  According to James Partridge, after the settlement conference, James Partridge met with Catherine Partridge, his mother and a minority shareholder in SEC.[4]  The two discussed the terms of the MOU and "determined that SEC would reject the terms of the MOU as a basis for pursuing further settlement." Id. ¶5.[5]

On September 16, 2016, the parties filed a joint stipulation to modify the scheduling order in the Second Action, in which they agreed that a continuance of all matters was appropriate because:

> The Parties have reached an agreement in principle for resolution of the two pending matters before this Court, and are simply in the process of finalizing settlement terms and details, and drafting the settlement agreement and stipulations for entry of judgment.  Trustees' legal counsel anticipates providing drafts of all settlement documents to Smith-Emery's legal counsel by Monday, September 19, 2016.

---

[4] It is unclear when and where this meeting occurred except insofar as James Partridge acknowledges it took place *after* the September 9, 2016 settlement conference where the MOU was signed.

[5] If, after signing the MOU, SEC decided to oppose a settlement on the terms provided by the MOU, it does not appear to have communicated said decision to its counsel or Trustees.  SEC's conduct after September 9, 2016, contradicts James Partridge's contention that SEC rejected the MOU as a basis for settlement.  As discussed below, one week after the MOU was signed, SEC stipulated that the parties had reached "an agreement in principle," and was "simply in the process of finalizing settlement terms and details."  Second Action Dkt. 60.  Additionally, during a status conference on October 17, 2016, more than a month after the MOU was signed, counsel for SEC reiterated that the parties had reached an agreement in principle.  First Action Dkt. 291-2 at 5:11-15.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'   JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
|---|---|---|---|
|  | 2:13-cv-09545-CAS (VBKx) |  |  |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

Second Action Dkt. 60.

On September 20, 2016, Decker emailed a draft settlement agreement and associated documents to Lam and Judge Nagle.  Decker Decl. Ex. B.  In the email, Decker stated, "[a]ttached are drafts of the settlement documents in Word format for your review.  If you have any suggested revisions, please use the track changes function in Word."  Id.  On September 29, 2016, Decker sent a follow up email requesting a status update in regard to the draft settlement agreement documents.  Decker Decl. Ex. C.  On October 12, 2016, Decker sent a second follow up email asking for any comments or suggested revisions and requesting a call back.  Decker Decl. Ex. D.

Later that day, on October 12, 2016, Decker emailed Holger Besch, another attorney representing SEC, stating:

> Francis [Lam] just informed me that Sidley Austin will be withdrawing as legal counsel for Smith-Emery Company and that I should contact you about the settlement documents.  Francis indicated that he forwarded my drafts to you.  Please let me know where you are in your review.

Decker Decl. Ex. E.  Besch replied the same day stating, "I'll look over what's been forwarded.  Let's plan to talk on Friday."  Decker Decl. Ex. E.

That Friday, October 14, 2016, Decker emailed Besch again to follow up.  Decker Decl. Ex. H.  Decker asked, "Do you have any suggested revisions to the settlement documents?  If so, please send those to me."  Id.

Rather than respond to Decker or negotiate over the terms in the draft settlement documents, SEC did not respond to Decker's emails.  See generally  Decker Decl. Ex. C-H.  Nothing in the record indicates that between September 20, 2016, and October 17, 2016, SEC expressed to Trustees that it did not view the MOU as a binding contract.  Nothing in the record indicates that SEC expressed concern about whether and how the documents drafted by Decker related to the terms of the MOU.  Nor do SEC, Lam, or Besch appear to have contacted Decker or Trustees to discuss the draft settlement

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

documents or any provisions therein prior to an October 17, 2016 status conference, discussed below.

On October 17, 2016, the Court held a status conference in regard to the Second Action. Second Action Dkt. 66. The Court asked where the parties stood with regard to settlement. Decker stated that:

> it is our position that the parties have reached a settlement, a complete settlement of this pending action [the Second Action] as well as the action that was remanded from the 9th Circuit [the First Action]. I prepared a settlement agreement and sent that to opposing counsel, Mr. Lam, almost a month ago and I have not received signed documents.
>
> And then we do have a signed document, a one-page document that we did sign at the second day of the settlement conference and that memorialized the terms. So I do have that, but we did prepare additional settlement documents cause it's a little bit more involved because we have the two actions.

First Action Dkt. 291-2 at 4:19-22 ("Transcript of Hearing"). The Court asked Lam if a settlement agreement had been reached. Lam replied:

> it is our position that there was an agreement in principle that was at a minimum contingent on finalized documents and that was why Ms. Decker had prepared a draft proposed settlement agreement that we the defendant was [sic] currently in the process of reviewing and assessing sort of the next steps.
>
> . . . because Sidley we [sic] are attempting to withdraw from this matter, I have not in the last I would say week-and-a-half been in contact with our client regarding where it currently stands with respect to those documents and so I would not be able to address that part.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**   **JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
|----------|--------------------------|------|------------------|
|          | 2:13-cv-09545-CAS (VBKx) |      |                  |
| Title    | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

Id. at 5:11-15.  The Court did not permit Lam to withdraw as counsel at that time and ordered the parties to have another settlement conference with Judge Nagle.[6]

On October 26, 2016, the parties filed an additional joint stipulation to modify the scheduling order.  Second Action Dkt. 64.  The parties stipulated therein that, "[o]nce all settlement documents are executed, the Parties will file a Stipulated Notice of Settlement ("Notice") in each of the two actions."  Id.  No such notice has been filed.  The instant motions to enforce the settlement followed.

## III.    LEGAL STANDARDS

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it.  However, the district court may enforce only complete settlement agreements."  Callie v. Near, 829 F.2d 888, 890 (9th Cir. 1987) (citations omitted).  "A settlement agreement, like any other contract, is unenforceable if the parties fail to agree on a material term or if a material term is not reasonably certain."  Lindsay v. Lewandowski, 43 Cal. Rptr. 3d 846, 849 (2006).  "Where a contract is so uncertain and indefinite that the intention of the parties in material particulars cannot be ascertained, the contract is void and unenforceable.  Robinson & Wilson, Inc. v. Stone, 35 Cal. App. 3d 396, 407,  110 Cal. Rptr. 675 (Ct. App. 1973).

The enforceability of a contract is a question of law to be determined by the Court.  Id.; see also Inamed Corp. v. Kuzmak, 275 F. Supp. 2d 1100, 1116 (C.D. Cal. 2002) (Morrow, J.), aff'd, 64 F. App'x 241 (Fed. Cir. 2003).  Uncertainty regarding material terms, reserved for further negotiation, may render a contract unenforceable.  Inamed, 275 F. Supp 2d at 1120.  However, "the defense of uncertainty is disfavored, and the court should enforce an agreement if it appears the parties intended to enter into a contract and the outlines of the agreement are sufficiently definite that the court knows what is to be enforced."  Id.

---

[6] It is unclear whether or, if so, when the parties met again with Judge Nagle.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'    JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
|---|---|---|---|
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

"When parties intend that an agreement be binding, the fact that a more formal agreement must be prepared and executed does not alter the validity of the agreement." Blix St. Records, Inc. v. Cassidy, 119 Cal. Rptr. 3d 574, 582 (2010).

> If there 'is a manifest intention that the formal agreement is not to be complete until reduced to a formal writing to be executed, there is no binding contract until this is done.' An agreement to make an agreement, without more, is not a binding contract. 'Whether a writing constitutes a final agreement or merely an agreement to make an agreement depends primarily upon the intention of the parties. In the absence of ambiguity this must be determined by a construction of the instrument taken as a whole.'

Rennick v. O.P.T.I.O.N. Care, Inc., 77 F.3d 309, 315 (9th Cir. 1996) (quoting Smissaert v. Chiodo, 330 P.2d 98, 100 (1958)).

## IV. DISCUSSION

Trustees argue that the MOU is an enforceable settlement agreement. Trustees request one of two remedies. Trustees request that the Court enforce the MOU according to its terms, find that SEC has breached the MOU by failing to make monthly payments, and enter judgments in the First and Second Action according to the stipulated judgment amounts in the MOU. Alternatively, Trustees request that the Court order the execution of two stipulated judgments, enforce the MOU, dismiss both cases, and issue orders retaining jurisdiction over these two related cases while SEC makes monthly payments pursuant to the MOU.

In opposition, SEC argues that the MOU is unenforceable because it is uncertain or silent as to material terms. Specifically, SEC argues that the MOU does not include: (1) an explanation of the process surrounding any audit of SEC's payments during the period from April 2015 to September 30, 2016, and the dispute resolution process that would govern said audit; (2) the terms of a release; and (3) a confidentiality provision.

Ultimately, the Ninth Circuit has held that:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**            **'O'**    **JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

a term may be 'material' in one of two ways: It may be a necessary term, without which there can be no contract; or, it may be an important term that affects the value of the bargain.  Obviously, omission of the former would render the contract a nullity.  But a contract that omits terms of the latter type is enforceable under California law, so long as the terms it does include are sufficiently definite for a court to determine whether a breach has occurred, order specific performance or award damages.  This is not a very demanding test . . .

Facebook, Inc. v. Pac. Nw. Software, Inc., 640 F.3d 1034, 1038 (9th Cir. 2011) (citations omitted) (determining that a term sheet was an enforceable settlement agreement where the parties agreed on a financial settlement and that "both sides would stop fighting and get on with their lives").

### A.    Audit of Post-Suit Payments

With regard to an audit of SEC's trust payments between April 2015 and September 30, 2016, the MOU states only:

Audit period between April 2015 through September 30, 2016 for testing and inspection on post-installed anchor bolt, clerical errors, and other items consistent w/ 2010-2015 audit.

MOU ¶ E.  Plaintiffs argue that the claims in both actions only address SEC's payments prior to April 2015, and that, therefore, any MOU terms relating to audits of subsequent periods are not material to the settlement or resolution of either action.  Plaintiffs argue that, because the audit process regarding these two cases was contentious and time consuming, the parties agreed to a subsequent audit and that the two would make good faith efforts to resolve any delinquency uncovered.  Defendant argues that the audit provision of the MOU is ambiguous because there is "no explanation of how this audit, and the results thereof, fit within the supposed settlement of this case."  Opp'n at 4.  Because of these ambiguities, SEC argues, it is unclear how future disputes would be resolved such that these actions may be fully and finally settled.  According to SEC, "[i]t

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   **'O'**   **JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
|---|---|---|---|
|  | 2:13-cv-09545-CAS (VBKx) |  |  |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

is axiomatic that the degree of 'finality' would be material to any settlement agreement." Id. at 5.

Notwithstanding the Trustees' argument to the contrary, the audit provision is an express term of the MOU and was part of the settlement of the two actions. The Court, however, must evaluate whether the audit provisions of the MOU are sufficiently definite as to be enforceable. See Facebook, 640 F.3d at 1038. In that respect, the MOU appears to be enforceable. Pursuant to the MOU, SEC has agreed to permit an audit of its compliance with the CBA trust payments during the period from April 2015 to September 30, 2016, "consistent w[ith]" the parties' audit of compliance for the period from 2010 to 2015. See MOU ¶ E. As part of these related actions, Trustees have audited SEC's compliance with the CBA for periods between 2010 and 2015. Failure to permit an audit will constitute breach, for which the Court could order specific performance. Although the Court cannot determine how the term "consistent w/ 2010-2015 audit," would be applied without considering extrinsic evidence, defendant does not argue that this phrase is so ambiguous as to be unenforceable. If a dispute arises about the implementation of this term, there appears to be no reason why extrinsic evidence regarding the prior audit could not be adduced that would provide an objective standard for determining how the audit should be conducted.

The MOU provides for an audit of SEC's trust payments during the period between April 2015, and September 30, 2016, "consistent w[ith the] 2010-2015 audit." That term is sufficiently unambiguous to render the MOU enforceable.

**B.     Release Provisions**

Next SEC argues that the MOU lacks any release provisions and is therefore unenforceable. "There is no doubt that release provisions are generally thought to be material terms of any settlement agreement." Inamed, 275 F. Supp. 2d at 1125 (citing Doi v. Halekulani Corp., 276 F.3d 1131, 1138 (9th Cir.2002) and Abbott Laboratories v. Alpha Therapeutic Corp., 164 F.3d 385, 388 (7th Cir.1999)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       **'O'    JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
|---|---|---|---|
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

In response, Trustees argue that "[b]y virtue of stipulating to judgments, one is agreeing to a release upon satisfaction of each judgment." Reply at 4. The Court agrees with Trustees.

A release of the claims which were or could have been asserted in both actions is implicit in the terms of the MOU. Although the MOU does not use the word "release" or mention dismissal of these actions expressly, the parties did agree in the MOU upon a payment schedule regarding a "total settlement amount" of $1.6 million, to be enforced by a "Stipulated Judgment," as well as interest thereon. Defendant raises two issues in opposition to this conclusion. First, defendant argues that it would not agree to a release that is deferred until after payment of the settlement. Second, defendant argues that it would not agree to a release that only covers claims through March 2015, rather than extending to the date of any settlement agreement.

It is an implied term of the MOU that upon entry of the stipulated judgment dismissing the two actions, Trustees will release all of their claims that were or could have been asserted in these actions except for their right to enforce the settlement set forth in the MOU. These actions relate any payments owed under the CBA for work performed between March 1, 2003, and December 31, 2009 (the First Action), as well as between January 1, 2010, and March 31, 2015 (the Second Action). The parties agreed that a "Stipulated Judgment" held in trust, and not filed, if all payments are made pursuant to the MOU.

By "Stipulated Judgment," the parties impliedly agreed that two judgments for the separately stated components set forth in paragraph B of the MOU would be held in trust, one for each action. The amount due for the period from April 2015 to September 30, 2016, will be determined by an audit to be conducted in a manner consistent with the audit covering the period 2010 through March 2015. If a dispute later arises regarding the implementation of the audit provision, that dispute would be resolved by how the prior audit was conducted. If there is a failure to abide by the terms of the settlement, the stipulated judgments may be entered upon a proper showing that a default has occurred. It is also implied that, notwithstanding dismissal of the actions, the Court will retain continuing jurisdiction to enforce the settlement, including entry of the stipulated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL          'O'     JS-6

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

judgments should such action be required.  Upon payment in full of the stipulated settlement amounts, SEC would be released from any claims under that contractual term.

Defendant does not argue that there was no meeting of the minds with regard to the meaning of the MOU's provision for two stipulated judgments or that the term is so ambiguous as to be unenforceable.  Instead, defendant argues that there is simply no express release of claims set forth in the MOU.  Accordingly, defendant's argument is without merit.

**C.     Confidentiality**

Defendant next argues that "[s]till another absent material term is the degree of confidentiality of the alleged settlement."  Opp'n at 6 (citing Kohn v. Jaymar–Ruby, Inc., 23 Cal. App. 4th 1530, 1534, 28 Cal. Rptr. 2d 780 (1994)).  However, defendant cites no authority for its contention that a confidentiality term is always a material term to a settlement agreement or that the parties must agree on confidentiality in order to settle an action.  In Kohn, the sole authority upon which defendant relies for the proposition that confidentiality is a material term, the court simply observed that "there was substantial evidence that the parties reached a binding oral agreement . . . as to the material terms of a settlement- amount of payment, scope of release, confidentiality-and that all that remained was a reduction of the agreement to writing."  Id.  In Kohn, the parties had agreed to a confidentiality provision and the court was called upon to determine whether a confidentiality agreement must be reduced to writing based on the statute of frauds.  Id. The court did not hold that confidentiality was always a material term to a settlement agreement.

In light of the foregoing, SEC's argument appears to be simply that it would prefer to keep any settlement confidential.  However, SEC's preference for confidentiality does not make the MOU's terms unenforceable.  Unlike Kohn, there is no contention that the parties discussed a confidentiality provision.  A confidentiality provision is not so necessary to a settlement agreement as to render the agreement a nullity, nor are the existing terms of the MOU unenforceable.  Ultimately, the MOU contained provisions for a total settlement amount, a payment schedule, and an implicit release of all claims upon payment of the total settlement amount.  Defendant has not demonstrated that the parties

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'**   **JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

objectively manifested a desire for further negotiations regarding omitted and material terms.  Accordingly, the MOU appears to be a complete and enforceable agreement.

### D.    SEC's Contention that It Would Not Agree to the Terms of the MOU

SEC further argues that it simply "would not agree" to the terms of the MOU and that:

> even if the parties *intended* to enter into a binding settlement agreement when executing the MOU . . . , there clearly was no meeting of the minds as to the material terms [because plaintiffs' draft settlement agreement improperly addresses], or fails to address, several potential material terms that were not part of the MOU and are fundamentally unacceptable to Smith-Emery.

Opp'n at 6 (emphasis original).  Specifically, SEC argues that it would not agree to a release that is deferred for ten years, that it would only agree to a release which extends to the effective date of a settlement agreement, that it would not agree to an audit "without a mechanism for finality," that it would require a confidentiality provision, and that it would never agree to "the excessive leverage" which the draft agreement purportedly gives plaintiffs in future dealings. Id. at 6-8.

However, what SEC claims it would agree to today does not affect whether SEC has already agreed to the settlement set forth in the MOU.  "In determining whether mutual assent exists, the court must apply an objective standard to the 'outward manifestations or expressions of the parties, i.e., the reasonable meaning of their words and acts, and not their unexpressed intentions or understandings.'" Mory v. City of Chula Vista, No. 07-cv-0462, 2008 WL 360449, at *15 (S.D. Cal. Feb. 11, 2008) (quoting Alexander v. Codemasters Grp. Ltd., 104 Cal. App. 4th 129, 141, as modified on denial of reh'g (Dec. 13, 2002)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

SEC does not dispute any "outward manifestations or expressions of the parties" at the time they agreed to the MOU.  Nor does the MOU itself state that it was tentative, contingent, or incomplete.

With respect to the disputed terms of settlement documents drafted after the MOU was signed, defendant's argument is without merit.  Trustees have not sought to enforce any disputed terms of the settlement documents which they have drafted after the MOU was signed.  Trustees seek to enforce the MOU.  Any disagreement over the terms of the draft settlement documents is, at best, circumstantial evidence of the parties' unexpressed subjective intent at the time they signed the MOU.  As already discussed, the parties' unexpressed subjective intent does not render the MOU unenforceable.

SEC does not contend that anyone present for settlement negotiations expressed a concern that settlement should be contingent upon agreement to final settlement documents.  Although Trustees subsequently drafted settlement documents, the MOU and the parties' signatures are sufficient to demonstrate that the parties intended to form a contract and for the MOU to have binding effect.

### D.    An Evidentiary Hearing

"Where material facts concerning the existence or terms of an agreement to settle are in dispute, the parties must be allowed an evidentiary hearing."  Callie, 829 F.2d at 890 (9th Cir. 1987).  Prior to oral argument on these motions, the Court issued a tentative order in which the Court noted that an evidentiary hearing did not appear to be necessary and that neither party had requested such a hearing.  Nonetheless, the Court invited argument as to whether or not an evidentiary hearing was appropriate.  At the hearing, SEC's counsel, for the first time, indicated that SEC requested an evidentiary hearing regarding whether the MOU constitutes an enforceable settlement agreement.  Defendant specifically argued that an evidentiary hearing was necessary to (1) determine whether the details of the audit provided for in the MOU are material terms of the settlement, (2) whether the MOU's audit provisions are too ambiguous to be enforced, and (3) whether the scope of the release contemplated by the MOU is ambiguous.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
| | 2:13-cv-09545-CAS (VBKx) | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

An evidentiary hearing may be necessary to resolve a factual dispute where there are "complex factual issues related either to the formation or the consummation of the contract." Russell v. Puget Sound Tug & Barge Co., 737 F.2d 1510, 1511 (9th Cir. 1984) (quoting Autera v. Robinson, 419 F.2d 1197, 1200 (D.C. Cir. 1969)). For instance, an evidentiary hearing is required where one party avers that the agreement was induced through fraud or was never properly consummated. See Russell, 737 F.2d at 1511 (evidentiary hearing required where defendant presents evidence that settlement contract was induced by fraud); In re Deepwater Horizon, 786 F.3d at 364 (same); Autera, 419 F.2d at 1201 (hearing required to resolve person's authority to settle case and party's capacity to knowingly and voluntarily assent to settlement). However, defendant has not attempted to, nor does defendant claim that it could, make a showing of fraud in the inducement or lack of authority. Although both parties have submitted declarations in support of and opposition to the instant motions, the declarations do not contradict each other with respect to any material fact. As noted above, the enforceability of a contract is a question of law. Robinson & Wilson, 35 Cal. App. 3d at 407. The Court has not been presented with declarations that require it to resolve disputed questions of fact or make evidentiary determinations. Accordingly, defendant has not presented a valid basis for an evidentiary hearing. See Calcor Space Facility, Inc. v. McDonnell Douglas Corp., 5 F. App'x 787, 789 (9th Cir. 2001) (no evidentiary hearing required where enforceability of contract turns upon objective factors and no party disputes evidence presented in declarations).

The three arguments for an evidentiary hearing, raised by defendant during the hearing on this motion, are without merit. As already discussed, the MOU provides that there will be an audit of SEC's payments between April 2015 and September 30, 2016, "consistent w[ith the] 2010-2015 audit." Any purported ambiguities or omissions regarding the process for resolving disputes arising from a future audit do not undermine the enforceability of the MOU. See e.g. Blair v. Shanahan, 795 F. Supp. 309 (N.D. Cal. 1992), aff'd, 38 F.3d 1514 (9th Cir. 1994) (contract's silence regarding certain possible terms does not entitle defendant to evidentiary hearing where there is no "uncertainty as to the terms of the agreement").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O'   JS-6 | |
|---|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 | |
| | 2:13-cv-09545-CAS (VBKx) | | | |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | | |

Additionally, "even where the *existence* of a release is material, the *precise terms and specific language* of the release are not necessarily material. Consequently, … courts routinely enforce settlement agreements even where the precise wording of a release has not been finalized. This remains true even when one of the parties ultimately fails to sign the finalized release." In re DEEPWATER HORIZON, 786 F.3d 344, 357 (5th Cir. 2015) (emphasis original) (quotation and citations omitted); see also Schaffer v. Litton Loan Servicing, LP, No. CV 05-07673 MMM JCX, 2012 WL 10274678, at *15 (C.D. Cal. Nov. 13, 2012) (Morrow, J.) ("precise release language . . . is not required" for a settlement agreement to be enforceable"). Defendant does not argue that it can present evidence demonstrating that it expressly stated that the settlement was contingent on a broader release than the release implied by the MOU. Accordingly, defendant does not argue that it can present evidence demonstrating that there was not a meeting of minds as to the implied release of claims that were or could have been brought in these actions, as described above.

Defendant's position is that SEC harbored a subjective understanding that the MOU was non-binding. Although James Partridge has submitted a declaration stating his subjective understanding that SEC would not be bound by the MOU's terms unless and until more formal settlement documents were prepared and agreed to, defendant does not argue that this understanding was expressed at any time during the course of the settlement negotiations. The outward manifestations of the parties' intent govern whether an enforceable contract exists, Alexander,104 Cal. App. 4th at 141, and defendant does not aver that either parties outwardly expressed an intent not to be bound by the MOU prior to signing it on September 9, 2016.

Accordingly, the Court concludes that there is no factual dispute that should be resolved through an evidentiary hearing. Defendant's oral request for such a hearing is **DENIED**.

## V.   CONCLUSION

Plaintiffs' motions for enforcement of settlement are **GRANTED**. Plaintiffs shall prepare forms of judgment that provide for installment payments of the stipulated

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**          **'O'   JS-6**

| Case No. | 2:09-cv-01476-CAS (AJWx) | Date | January 19, 2017 |
|---|---|---|---|
|  | 2:13-cv-09545-CAS (VBKx) |  |  |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

settlement amounts and plaintiffs are directed to hold the judgments in trust until further order of court. Plaintiffs shall also lodge with the court judgments dismissing the actions with prejudice and providing that notwithstanding the entry of the dismissal, the court shall retain continuing jurisdiction over the parties to enforce the agreement contracted in the MOU.

Plaintiffs' motion for judgment in the Second Action, dkt. 271, is **DENIED as moot**.

IT IS SO ORDERED.

|  | 00 | 00 |
|---|---|---|
| Initials of Preparer | | CMJ |