UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-09545-CAS (VBKx) | Date | February 2, 2017 |
|---|---|---|---|
| Title | TRUSTESS OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Connie Lee | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) DEFENDANT'S MOTION FOR STAY PENDING STATE COURT PROCEEDINGS (Filed January 9, 2017, Dkt. 84)

The Court finds this motion appropriate for decision without oral argument. Fed.R.Civ.P. 78; Local Rule 7–15. Accordingly, the hearing date of February 6, 2017, is vacated, and the matter is hereby taken under submission.

On December 12, 2016, plaintiffs filed a motion for enforcement of settlement, arguing that the parties have been resolved this case and reached a settlement agreement. Dkt. 73. On January 9, 2017, the Court held oral argument on plaintiffs' motion to enforce a settlement in this action and took the matter under submission. Dkt. 87. On the same day, defendant filed a motion seeking a stay of proceedings in this action during the pendency of a case in the Sacramento County Superior Court, No. 34-2017-00205865-CU-MC-GDS ("the State Case"). Dkt. 84.

Under a collective bargaining agreement ("CBA") with some of its employees ("Local 12"), defendant is required to make payments into several trusts depending on the work performed by Local 12. Plaintiffs are the trustees to the Local 12 trust accounts. In 2006, Local 12 and defendant engaged in arbitration of a dispute regarding the scope of Local 12's work and hours under the CBA. In a related case, case no. 09-cv-01476-CAS, the Ninth Circuit has ruled that the 2006 arbitration award should have preclusive effect regarding which type of work requires commensurate trust payments by defendant. Case No. 09-cv-01476-CAS, Dkt. 262.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-09545-CAS (VBKx) | Date | February 2, 2017 |
|---|---|---|---|
| Title | TRUSTESS OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

 Defendant avers that the State Case seeks declaratory relief regarding "construction safety issues." Mot. at 1. Specifically, in the State Case, defendant seeks a court ruling that it is unlawful in the State of California for inspectors employed by defendant to perform testing work on schools and hospitals and that Local 12 employees are not properly licensed to oversee school and hospital inspections. Besch Decl. Ex. 1. According to defendant, the issues in the State Case are relevant to the merits of plaintiffs' claims here because declaratory relief in the State Case might render the 2006 arbitration award, as interpreted by the Ninth Circuit, unlawful. The complaint in the State Case appears to have been filed on January 5, 2017, while plaintiffs' motion for enforcement of settlement was pending in this case. See Dkt. 84-2.

 On January 13, 2017, plaintiffs filed an opposition to the motion for a stay. Dkt. 85. In opposition to the stay, plaintiffs argue that the State Case is an attempt by defendant to collaterally attack the 2006 arbitration award and the Ninth Circuit's ruling regarding the 2006 arbitration. Plaintiffs argue that defendant raised the issues in the State Case during the 2006 arbitration and during this action. According to plaintiffs, defendant's contentions have been considered, and implicitly rejected, by the arbitrator and the Ninth Circuit.

 On January 19, 2017, the Court granted plaintiffs' motion for enforcement of settlement, concluding that the parties have settled this action. Dkt. 87. Plaintiff's, then under submission, motion for judgment based upon the Ninth Circuit's interpretation of the 2006 arbitration award was denied as moot. Id.

 On January 23, 2017, defendant filed a reply in support of its motion for a stay. Dkt. 89. In its reply, defendant argues that its motion for stay is not moot "to the extent there are further proceedings in this matter." Reply at 2. Defendant further asserts that, "the issues before the state court will also underlie any dealings between the parties under the newly-signed collective bargaining agreement." Id.

 Ultimately, the Court need not resolve whether the Ninth Circuit's holding acts as res judicata of the issues in the State Case because the parties have settled this action. Further proceedings here, if any, will turn upon whether or not either party breaches its obligations pursuant to the settlement agreement. Defendant does not argue that a ruling


UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-09545-CAS (VBKx) | Date | February 2, 2017 |
|---|---|---|---|
| Title | TRUSTESS OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

in the State Case would disturb the parties' agreement to settle this action. Accordingly, defendant's motion for a stay is **DENIED as moot**.[1]

IT IS SO ORDERED.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | CL |

---

[1] To the extent that defendant seeks a stay because the State Case may affect the parties "newly-signed collective bargaining agreement," Reply at 2, those issues are not before the Court.