# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:09-cv-01476-CAS (AJWx)<br>2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:    Attorneys Present for Defendants:

Not Present                                Not Present

**Proceedings:**     (IN CHAMBERS) - DEFENDANT'S MOTION TO VACATE JUDGMENT (Filed August 13, 2018, Case No. 2:09-cv-01476, Dkt. 353)

PLAINTIFFS' MOTION FOR SANCTIONS (Filed September 24, 2018, Case No. 2:09-cv-01476, Dkt. 356)

DEFENDANT'S MOTION TO VACATE JUDGMENT (Filed August 13, 2018, Case No. 2:13-cv-09545, Dkt. 140)

PLAINTIFFS' MOTION FOR SANCTIONS (Filed September 24, 2018, Case No. 2:13-cv-09545, Dkt. 144)

## I. INTRODUCTION

On March 2, 2009, plaintiffs Trustees of the Operating Engineers Pension Trust, Trustees of the Operating Engineers Health and Welfare Fund, Trustees of the Operating Engineers Vacation Holiday Savings Trust, and Trustees of the Operating Engineers Training Trust ("Trustees" or "Trusts") initiated this suit to collect ERISA trust fund contributions from defendant Smith-Emery Company ("SEC"), pursuant to 29 U.S.C. §§ 1132(g) and 1145 (§ 515 of ERISA). Case No. 2:09-cv-01476-CAS (the "First Action"). On December 30, 2013, the Trustees filed a substantially similar action alleging that SEC failed to make required trust fund contributions for a subsequent period of time. Case No. 13-cv-09545-CAS (the "Second Action").

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

On September 9, 2016, the parties signed a handwritten memorandum of understanding to settle the two cases. Dkt. 291-1.[1] On December 12, 2016, the Trustees filed motions to enforce the settlement, and on January 19, 2017, the Court granted the Trustees' motions. Dkts. 289, 301. On August 21, 2017, after SEC failed to make payments under the settlement agreement, the Court entered judgment for the Trustees. Dkt. 330.

On August 13, 2018, SEC filed identical motions to vacate the judgment in both the First and Second Action. First Action Dkt. 353-1; Second Action Dkt. 140-1 ("Mot."). On September 29, 2018, the Trustees filed an opposition in both actions. First Action Dkt. 361; Second Action Dkt. 149 ("Opp'n"). On October 1, 2018, SEC filed a reply in both actions. First Action Dkt. 376; Second Action Dkt. 161 ("Reply").[2]

On September 24, 2018, the Trustees filed identical motions for sanctions against SEC. First Action Dkt. 357; Second Action Dkt. 145 ("Sanctions Mot."). On October 1, 2018, SEC filed an opposition in both actions. First Action Dkt. 370; Second Action Dkt. 156 ("Sanctions Opp'n"). On October 5, 2018, the Trustees filed a reply in both actions. First Action Dkt. 382; Second Action Dkt. 170 ("Sanctions Reply"). The Court held a hearing on October 15, 2018. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

---

[1] All of the briefing and filings relevant here appear to have been filed in both the First and Second Action. For simplicity, unless otherwise noted, all subsequent references to docket numbers are to those in the First Action.

[2] Both parties filed multiple declarations and numerous objections to the content of those declarations. Because the Court does not rely upon objected-to evidence in the parties' declarations for purposes of its analysis, the Court need not consider either parties' objections.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx)<br>2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

## II. BACKGROUND

### A. The Parties

SEC is a company that has performed construction inspection work on a number of major projects throughout California. SEC employs Building/Construction Inspectors ("BCIs") to complete these inspection tasks. Smith Emery Laboratories ("SEL") was a division of SEC but subsequently became a separate corporate entity in 1999. SEL employs laboratory technicians who perform various materials tests on construction projects.

In 1969, the National Labor Relations Board certified SEC's field inspectors but excluded laboratory employees. Thereafter, the International Union of Operating Engineers, Local Union No. 12 ("Local 12") and SEC entered into a series of collective bargaining agreements. Pursuant to these agreements, SEC must pay fringe benefit contributions for the hours worked by covered employees.

### B. Origins of these Actions

This action concerned the relevant collective bargaining agreements (collectively, "CBA") covering the period from March 1, 2003 until March 31, 2015, for which the Trustees claimed SEC owed additional contributions. Pursuant to the CBA, SEC was required to pay fringe benefit contributions to the Trusts based on the number of hours worked by or paid to covered employees under the agreement. Much of this dispute turned on *who* was a covered employee under the CBA, and what *work* was covered, such that fringe benefit contributions had to be paid to the Trusts. Especially relevant here is that the parties disputed whether "post-installed anchor bolt testing and inspection" work was covered work under the CBA. At the initiation of this action and in several motions it has filed with the Court, SEC has argued that bolt testing cannot be covered work under the CBA, such that it must make fringe benefits contributions, because the BCIs employed by SEC lack the appropriate licenses to perform bolt testing work, as opposed to inspections, under California law. SEC argued that bolt testing can only be performed by SEL, which has a license to conduct bolt testing, but is not a signatory to the CBA. Accordingly, in SEC's view, any decision finding bolt testing to be "covered work" would require SEC employees to conduct bolt testing without a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| | | | |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

license and therefore violate the law. See, e.g., Dkt. 112-5 at 21-22; Dkt. 274 at 11; Dkt. 297-1 at 8–11; Dkt. 323 at 19. The Court refers to this argument as SEC's illegality argument.

### C. The 2006 Arbitration

In a 2006 arbitration concerning a number of grievances filed by Local 12 against SEC pursuant to the CBA, the arbitrator resolved their dispute as to whether an appendix was a part of the CBA. Dkt. 353-4, Ex. E ("2006 Arbitration Award"). [3] In finding that the appendix was indeed a part of the CBA, the arbitrator found that "bolt testing" was covered work under the CBA. Id. at 5–6. With respect to SEC's illegality argument, the arbitrator agreed with the Local 12 and found that SEC was "not allowed to escape its responsibility because its sister entity, Smith Emery Laboratories, has the proper licensing to do this work while it does not." Id. at 6.

---

[3] Both parties filed requests for judicial notice of filings in SEC's declaratory relief action in Sacramento County Superior Court, the 2006 arbitration between Local 12 and SEC, and the parties' appeals to the Ninth Circuit in this matter. Under Fed. R. Evid. 201, a court may take judicial notice of "matters of public record." Mack v. S. Bay Beer Distrib., 798 F.2d 1279, 1282 (9th Cir.1986). Accordingly, the Court grants the parties' requests for judicial notice of court filings in these other proceedings. Specifically, the Court takes judicial notice of Exhibits A and E of SEC's request for judicial notice. See Dkt. 353-5, Ex. A (Stipulated Judgment in SEC's Declaratory Relief Action); Ex. E (Opinion and Award from the 2006 Arbitration). The Court also takes judicial notice of Exhibits 2, 3, 4, 5, 7, and 10 of the Trustees' request for judicial notice. See Dkt. 366, Ex. 2 (The Ninth Circuit's First Memorandum on the Parties' Cross-appeal in the Present Case); Ex. 3 (SEC's Petition for Panel Rehearing); Ex. 4 (The Ninth Circuit's Denial of SEC's Petition for Panel Rehearing); Ex. 5 (Local 12's Joinder to the Trustees' Motion to Dismiss SEC's Declaratory Relief Action); Ex. 7 (Order Granting OSHPD's Motion for Judgment on the Pleadings in SEC's Declaratory Relief Action); Ex. 10 (SEC's Motion to Voluntarily Dismiss Appeal). The Court declines to judicially notice the other exhibits included in the parties' requests for judicial notice because the Court does not rely on them in its analysis.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx)<br>2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

With respect to the present lawsuit to collect fringe benefits, the Trustees argued that the 2006 Arbitration Award collaterally estopped defendant from claiming that "the only work covered by the [CBA] is that work which requires a license of a deputy building inspector," because the arbitrator already rejected this argument and found that bolt testing work was covered by the CBA. Dkt. 129 at 8. According to the Trustees, SEC may not relitigate the issue of whether the CBA only covered work required to be performed by a licensed deputy building inspector. Id.

The Court initially ruled for SEC and found that the arbitrator did not "necessarily decide" the issue of whether the CBA only covered work which required a license because the arbitrator framed the bolt testing issue as principally a dispute about whether the appendix was part of the agreement. Id. After a bench trial, the Court entered judgment in the Trustees' favor regarding certain amounts owed, but ruled against the Trustees as to other amounts after concluding that certain types of bolt testing work, including work performed by SEL, was not covered by the CBA. Dkt. 186. The parties cross-appealed the Court's decision to the Ninth Circuit. Dkts. 212, 214.

On December 16, 2015, the Ninth Circuit issued a Memorandum Disposition ruling that the Court should have given preclusive effect to the determination in the 2006 Arbitration Award that the CBA covered bolt testing and inspection work. Dkt. 366, Ex. 2. SEC filed a petition for panel rehearing. Id. Ex. 3. On March 23, 2016, the Ninth Circuit denied SEC's petition and issued an Amended Memorandum Disposition that clarified its ruling regarding SEC's argument that the CBA only covered bolt inspections and not bolt testing: "SEC used the words 'bolt testing' and 'bolt testing inspection' interchangeably in its arbitration brief, which suggests that, to the extent post-installed testing work and post-installed inspection work could be considered distinct from the standpoint of CBA coverage, both were at issue at arbitration. And we read the arbitrator's decision as considering bolt testing and inspection together when it concluded that they were covered work." Dkt. 262 at 6. The Ninth Circuit remanded for further proceedings regarding the amount of the monetary judgment to be awarded to the Trustees. See id.

On June 6, 2016, the Trustees filed a motion for judgment based upon the Ninth Circuit's ruling. Dkt. 271. SEC filed an opposition on June 27, 2016, arguing that the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

Court should, despite the Ninth Circuit's ruling, decline to apply collateral estoppel to the 2006 Arbitration Award because, among other reasons, "[n]umerous laws, regulations, and other requirements, including the Building Code and the requirements of facility owners in the at issue hospital projects, require the separation of duties between BCIs and Lab Techs and preclude the BCIs from performing the testing work."  Dkt. 274 at 11. SEC also asked the Court, in the alternative, to re-open the record to: (1) examine the "safety implications" of the Ninth Circuit's decision because BCIs are not permitted to perform bolt testing, id. at 18; (2) evaluate whether work that is required to be performed by a professional engineer should be excluded from CBA coverage, id. at 20; and (3) whether the Ninth Circuit made a mistake of fact because it "created a scenario in which work that has never been performed by a BCI, has never been understood as the work of a BCI . . . is now suddenly deemed covered under SEC's CBAs as the work of a BCI," id. at 20.

### D.     Enforcement of the Parties' Settlement and Entry of Judgment

The parties then attended two settlement conferences on July 19, 2016, and September 9, 2016.  At the conclusion of the September 9, 2016, settlement conference, SEC and the Trustees signed a handwritten memorandum of understanding ("MOU").  In its entirety, the MOU provided:

MOU

Trustees of operating engineers, et al. vs. Smith Emery Company

A) $1.6 million total settlement amount
B) Stipulated judgments to be held in trust for:
    1)  $310,408.41 + 5% interest over 10 years
    2)  $1,289,591.59 + 5% interest over 10 years.
C) 5% interest on settlement amount
D) 10 years payment period
E) Audit period between April 2015 through September 30, 2016 for testing and inspection on post-installed anchor bolt, clerical errors, and other items consistent w/ 2010-2015 audit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

    F) 90 day period to cure and bring current, interest on principal to continue to accrue during cure period.
    G) Monthly payment terms; 120 total payments at $ 16,970.48 / month.

See Dkt. 291, Decker Decl. Ex. A. A few months later, SEC contended that the MOU was not enforceable, and on December 12, 2016, the Trustees filed identical motions for enforcement of settlement in both the First and the Second Action. First Action Dkt. 289; Second Action Dkt. 73. On January 19, 2017, the Court granted the Trustees' motions for enforcement of the settlement and ruled that the MOU was a "complete and enforceable agreement" which implicitly included a release of the Trustees' claims asserted in those actions. Dkt. 301 ("Settlement Order"). Accordingly, the Court denied as moot the Trustees' earlier motion for judgment. Id.

    On February 17, 2017, SEC filed a notice of appeal of the Settlement Order. Dkt. 307. And on May 5, 2017, SEC filed motions for reconsideration of the same order. Dkt. 312-1. In its motions for reconsideration, SEC argued that the MOU did not resolve the dispute between the parties as to whether SEC could lawfully perform bolt testing work at schools and hospitals. Id.

    On July 17, 2017, after SEC failed to make payments under the settlement, the Trustees filed motions for entry of judgment against SEC in both actions. First Action Dkt. 320; Second Action Dkt. 106. SEC opposed these motions on the grounds that enforcing the MOU would violate public policy because BCIs "are not lawfully permitted to perform testing work . . ." Dkt. 323 at 19. On August 14, 2017, the Court granted the Trustees' motions for entry of judgment and denied SEC's motions for reconsideration. The Court specifically rejected SEC's argument that the MOU did not resolve the parties' dispute about SEC's obligations under the CBA because that argument was "unrelated to whether the MOU is unenforceable or whether SEC had settled these actions." Dkt. 329 at 10. On August 21, 2017, the Court entered judgments in favor of the Trustees in both actions totaling $1.6 million, plus interest. Dkt. 330.

    On September 20, 2017, SEC filed a notice of appeal of the Court's orders entering judgment for the Trustees. Dkt. 332. On January 29, 2018, SEC filed a motion to voluntarily dismiss its appeals with the Ninth Circuit, Dkt. 366, Ex. 10, which the Ninth Circuit granted on January 31, 2018, Dkt. 350.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

### E. SEC's Complaint for Declaratory Relief

On January 5, 2017, SEC filed a complaint for declaratory relief in the Sacramento County Superior Court against the State of California, the Division of State Architect ("DSA"); the State of California, Office of Statewide Health Planning and Development ("OSHPD"); Local 12; and the Trustees. Dkt. 296 ("Declaratory Relief Action"). SEC filed the Declaratory Relief Action to resolve whether it was lawful for SEC's BCIs to perform anchor bolt testing. Dkt. 297-1.

On January 9, 2017, before this Court issued the Settlement Order, SEC filed Motions for Stay of the First and Second Actions, arguing that a stay should be granted pending the outcome of the Declaratory Relief Action. First Action Dkt. 297-1; Second Action Dkt. 84-1. SEC argued that the Court had not yet decided "whether and to what extent to apply collateral estoppel to the 2006 award of the arbitrator following the decision of the Ninth Circuit" and that declaratory relief clarifying that SEC's BCIs could not perform bolt testing work at schools and hospitals would render the Ninth Circuit's order "unlawful." Id. at 8–11. On February 2, 2017, the Court denied SEC's motions to stay and explained that a stay was not needed "because the parties had settled the action" and that SEC did "not argue that a ruling in the [Declaratory Relief Action] would disturb the parties' agreement to settle this action." Dkt. 304 at 2–3.

On March 6, 2017, the Trustees filed a motion to dismiss in the Declaratory Relief Action, claiming that res judicata and collateral estoppel barred the action and that the claims asserted in the action were preempted by the Labor Management Relations Act. Dkt. 313. Local 12 joined in the Trustees' motion to dismiss. Dkt. 366, Ex. 5. On March 16, 2017, before the Sacramento County Superior Court ruled on the motion to dismiss, SEC dismissed the Trustees and Local 12 from the Declaratory Relief Action. Dkt. 322-1.

On June 20, 2017, the Sacramento County Superior Court granted OSHPD's motion for judgment on the pleadings. Dkt. 366, Ex. 7. The court explained that "the crux of this dispute is the conflict between [SEC] and [Local 12]" and that "OSHPD merely authored the regulations" regarding that dispute. Id. at 65. The court further explained that "a difference of opinion as to the interpretation of a statute or agency regulation as between a citizen and a governmental agency does not give rise to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx)<br>2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

justiciable controversy" and that "[a]ny declaratory relief in this action against OSHPD would be purely advisory and is therefore forbidden." Id. (citing Winter v. Gnaizda, 90 Cal. App. 3d 750, 755–756 (1979)).

On October 3, 2017, SEC and the remaining defendant, DSA, voluntarily stipulated to an entry of judgment in which it was "hereby ordered, adjudged, and decreed" that "[s]pecial inspectors employed by Smith-Emery Company cannot lawfully perform testing work on school and hospital construction under the statutes and regulations governing school and hospital construction, because Smith-Emery Company does not operate a testing laboratory." Dkt. 353-5, Ex. A ("Stipulated Judgment"). The Sacramento County Superior Court entered the judgment that same day. Id. This stipulation forms the basis of the instant motion to vacate the Court's judgments because SEC contends that the Stipulated Judgment between itself and DSA renders the judgments in the instant actions "inconsistent with law." Mot. at 2.

### F. The New CBA

In February 2017, SEC joined the Southern California Contractors Association ("SCCA") and became bound to Local 12's Master Labor Agreement with the SCCA, a different collective bargaining agreement than the one upon which the First and Second Actions were based. Dkt. 312-2.

## III. LEGAL STANDARDS

Under Federal Rule of Civil Procedure 60(b), the court may grant reconsideration of a final judgment and any order based on: "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." School Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). Rule 60(b)(1) permits a court to correct its own inadvertence, mistakes of fact . . . or mistakes of law. However, a Rule 60(b)(1) reconsideration motion should not merely present arguments previously raised, or which could have been raised in the original briefs. Rule 60(b)(4) provides for relief from judgment on the basis that a judgment is void. An incorrectly decided judgment is not itself sufficient to render a judgment void. United Student Aid Funds, Inc. v. Espinosa, 559 U.S. 260 (2010). "Rule

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

60(b)(4) applies only in the rare instance where a judgment is premised either on a certain type of jurisdictional error or on a violation of due process that deprives a party of notice or the opportunity to be heard." Id. Rule 60(b)(5) permits a court to "relieve a party . . . from a final judgment . . . [when] the judgment has been satisfied, release or discharged" or "applying it prospectively is no longer equitable." Fed. R. Civ. P. 60(b)(5).

Under Rule 60(b)(6), the so-called catch-all provision, the party seeking relief "must demonstrate both injury and circumstances beyond his control that prevented him from proceeding with the action in a proper fashion." Latshaw v. Trainer Wortham & Co., Inc., 452 F.3d 1097, 1103 (9th Cir. 2006). In addition, the Ninth Circuit confirmed that "[t]o receive relief under Rule 60(b)(6), a party must demonstrate extraordinary circumstances which prevented or rendered him unable to prosecute his case." Lal v. California, 610 F.3d 518, 524 (9th Cir. 2010). This Rule must be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." Id. (quoting United States v. Washington, 394 F.3d 1152, 1157 (9th Cir. 2005)). Any Rule 60(b) motion must be brought within a reasonable time and, in certain circumstances, no later than one year after entry of judgment or the order being challenged. See Fed. R. Civ. P. 60(c)(1).

## IV. DISCUSSION

### A. SEC's Request to Vacate the Judgments

SEC asks the Court to vacate the judgments entered on August 21, 2017, because: (1) the judgments are void, contrary to law, and against public policy as "the contractual obligations in this case purport to require SEC to pay contributions allegedly owed under a CBA" and "enforcing this obligation promotes illegal conduct (BCIs doing testing work on hospitals)," mot. at 8; (2) the settlement order and judgments resulted from mistake in light of the Stipulated Judgment entered by the Sacramento County Superior Court, id. at 21; (3) the judgments are no longer equitable because "[i]t is not just, fair, or equitable that SEC should be required to pay contributions by way of settlement when the work and workers on which those contributions were calculated cannot be lawfully performed," id. at 22; and (4) "[j]ustice can only be served by vacating the settlement order and judgment[s]" in light of the fact that the Trustees "were errant in their pursuit

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES – GENERAL** | | **'O'** |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

of contributions based upon work and workers who do not and cannot lawfully conduct that work," id. at 23.

This Court's previous ruling denying SEC's motions to reconsider the Settlement Order is equally applicable here: "[SEC's] arguments are unrelated to whether the MOU is unenforceable or whether SEC has settled these actions. SEC appears to argue that it is unhappy with the bargain it made, and for various reasons, wishing it had not settled; however, that does not provide a basis for reconsideration of the Settlement Order." Dkt. 329 at 10. Notwithstanding the Stipulated Judgment in the Declaratory Relief Action, SEC still has not provided any reason under Rule 60(b) to vacate the judgments enforcing the parties' settlement agreement. By settling the action, SEC made a decision to forego further litigation, including its pursuit of the argument that it would be somehow illegal or unlawful to determine that bolt testing work was covered by the CBA.

### i. The settlement agreement does not require SEC to perform any illegal activities.

On September 9, 2016, SEC agreed to pay $1.6 million, and in exchange, the Trustees implicitly released claims that were or could have been asserted these actions, which concerned payments owed under the CBA for work performed between March 1, 2003, and December 31, 2009 (the First Action), as well as between January 1, 2010, and March 31, 2015 (the Second Action). Settlement Order at 12. The parties also agreed to an additional audit of SEC's trust payments between April 2015 and September 30, 2016. Id. at 10–11.

SEC's arguments are premised on the notion that the settlement agreement and judgments entered in these actions permit SEC employees to engage in work they are not lawfully permitted to perform, or otherwise compel SEC to engage in illegal activity. SEC's arguments fail because the settlement agreement only involves an agreement to pay money and provides for an audit. Nothing in the settlement agreement requires or permits SEC's BCIs to perform work without a proper license. But more importantly, any issues regarding the supposed illegality of the settlement agreement could have been, and indeed were, raised by SEC in its opposition to the Trustees' motions for entry of judgment. SEC has not offered any legitimate reason why the Court's prior decision should be revisited.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**    'O'

| | | | |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

SEC argues as it did before that <u>Kaiser Steel v. Mullins</u>, 455 U.S. 72 (1982), precludes the Court from requiring contributions based on bolt testing work because such contributions "command illegal conduct" by encouraging BCIs to perform bolt testing work without a license and penalizing SEC for contracting bolt testing work to SEL. <u>See</u> Mot. at 14 (citing <u>Kaiser Steel</u>, 455 U.S. at 79). SEC's argument fails because SEC, by agreeing to the settlement, gave up the right to argue that requiring it to make the payments it agreed to pay would countenance illegal conduct. This Court also lacks the authority to ignore the Ninth Circuit's holding regarding the preclusive effect of the 2006 Arbitration Award. After the Ninth Circuit's ruling, the mandate required this Court to determine the amount of monetary damages consistent with the holding that bolt testing work is covered by the CBA. <u>See</u> Dkt. 262 at 6. Accordingly, the Court declines to vacate the judgments on the basis of SEC's illegality argument.[4]

### ii. **The Stipulated Judgment has no res judicata effect on the instant case.**

The Stipulated Judgment has no res judicata effect on the instant action. Under California law, res judicata has a "double aspect." 7 Bernard E. Witkin, California Procedure § 281 (4th ed. 2004); <u>People v. Barragan</u>, 32 Cal. 4th 236, 252 (2004). In its primary aspect, also known as claim preclusion, a prior judgment is a complete bar on a new suit between the same parties on the same claim; in its secondary aspect, also known

---

[4] SEC's supplemental briefing introduces an entirely new theory of illegality—that contributions based on work performed by SEL employees violate the Labor Management Relations Act because the contributions are allegedly made on behalf of SEL employees. <u>See</u> Dkt. 389. The Court will not entertain the merits of this new theory of illegality for the following reasons. First, this new theory of illegality is wholly unrelated to the Stipulated Judgment in the state action that serves as the basis for SEC's motions to vacate judgment. Second, this particular argument is based on cases that pre-date this litigation, and thus it could have been raised by SEC earlier in the litigation, and no reason is offered for failing to raise this issue earlier. Finally, SEC decided to forego any arguments regarding the validity of CBA's subcontracting provision when it settled these actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

as issue preclusion, the prior judgment operates "as an estoppel or conclusive adjudication as to such issues in the second action as were actually litigated and determined in the first action." Id. at 252–53 (internal quotation marks and citation omitted). The prerequisite elements for applying res judicata to a claim or an issue are the same:

> (1) A claim or issue raised in the present action is identical to a claim or issue litigated in a prior proceeding; (2) the prior proceeding resulted in a final judgment on the merits; and (3) the party against whom the doctrine is being asserted was a party or in privity with a party to the prior proceeding.

Id. at 253. Putting aside the fact that SEC entered its Stipulated Judgment in the Declaratory Relief Action after it settled the present actions, res judicata does not apply because the Stipulated Judgment was not the result of a final judgment on the merits between the Trustees and SEC. Further, the Trustees were not in privity with the DSA. Local 12 and the Trustees were dismissed from the case before the remaining parties stipulated to a judgment. The Stipulated Judgment is merely an agreement between DSA and SEC. If the Stipulated Judgment would not bar the Trustees from filing a lawsuit to collect contributions based on bolt testing work in the future, it certainly cannot have the retroactive effect of undoing a prior settlement between the parties.

    It is also questionable whether the Stipulated Judgment has any legal significance. As the Sacramento County Superior Court explained when it dismissed OSHPD from the Declaratory Relief Action, California courts may not issue "advisory opinion[s] upon a particular or hypothetical state of facts" as opposed to judgments that "decree, not suggest, what the parties may or may not do." Dkt. 366, Ex. 7 at 65 (quoting Selby Realty Co. v. City of Buenaventura, 10 Cal. 3d 110, 117 (1973)). Moreover, "a difference of opinion as to the interpretation of a statute as between a citizen and a government agency does not give rise to a justiciable controversy." Id. (quoting Winter, 90 Cal. App. 3d at 756). If the Superior Court would have been barred from issuing declaratory relief against DSA for the same reasons that it dismissed OSHPD, it follows that a stipulated judgment could not accomplish the same.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES – GENERAL | | 'O' |
|---|---|---|---|
| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

### B. SEC's Request to Discharge the Audit Requirement

The MOU provides for an "[a]udit period between April 2015 through September 30, 2016 for testing and inspection on post-installed anchor bolt, clerical errors, and other items consistent w/ 2010-2015 audit." SEC argues that this audit obligation should be deemed discharged under Rule 60(b)(5) because SEC hired an auditor who performed the audit required by the MOU. Mot. at 21. The Trustees respond the MOU requires the audit to be performed by the Trustees because the parties agreed that the audit would be consistent with the 2010 through 2015 audit, which was performed by the Trustees. Opp'n at 17.

The Court finds that the "2010-2015 audit" was performed by the Trustees and SEC has not submitted any evidence suggesting otherwise. The audit requirement in the MOU requires a subsequent audit by the Trustees, not SEC, and SEC's audit does not satisfy this requirement. Accordingly, the Court declines to discharge SEC's audit obligation under the MOU.

### C. The Trustees' Motion for Sanctions

Under Federal Rule of Civil Procedure 11, a court may impose sanctions upon attorneys or unrepresented parties for submitting papers to a court that are frivolous, legally unreasonable, baseless, or filed for an improper purpose, such as needlessly increasing the cost of litigation. Simpson v. Lear Astronics Corp., 77 F.3d 1170, 1177 (9th Cir. 1996). All pleadings and other motions filed with a court must be signed by an attorney or the unrepresented party, certifying that "to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances": (1) the paper is not presented for an improper purpose; (2) the claims have a valid legal basis; and (3) there is factual support for the allegations. Fed. R. Civ. P. 11(b). Rule 11 imposes on attorneys an "objective standard of reasonableness under the circumstances." Golden Eagle Dist. Corp. v. Burroughs Corp., 801 F.2d 1531, 1537 (9th Cir. 1986) (internal quotation marks omitted). However, Rule 11 "is not intended to chill an attorney's enthusiasm or creativity in pursuing factual or legal theories." Greenberg v. Sala, 822 F.2d 882, 887 (9th Cir. 1987) (quoting Fed. R. Civ. P. 11 advisory committee's note).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | **CIVIL MINUTES – GENERAL** | | **'O'** |
| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

The imposition of Rule 11 sanctions is a matter within the discretion of the trial court. Fed. R. Civ. P. 11(c); see id. advisory committee's notes (1993 amendments) ("The court has significant discretion in determining what sanctions, if any, should be imposed for a violation."). Any Rule 11 sanctions "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11. A court may not impose a monetary sanction against a represented party for violating Rule 11(b)(2), which concerns baseless or frivolous claims, defenses, and other legal contentions.

The Trustees argue that SEC's "legal contentions" in its motions to vacate were "not warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law, or for establishing new law," and that SEC brought the motions "to harass the Trustees and needlessly increase the cost of this litigation." Sanctions Mot. at 2–3. The Trustees request the following sanctions under Rule 11 "in order to deter SEC's and its counsel's harassing conduct":

> (a) an Order directing [SEC and SEC's counsel] to pay the Trustees the reasonable attorneys' fees and other expenses resulting from the filing of the Motions to Vacate and Motions for Sanctions; (b) an Order striking the Motions to Vacate; and (c) an Order prohibiting them from filing any further Rule 60(b) motions or similar filings contesting the Judgments, the Settlement Order, and/or the Order granting the Trustees' Motion for Entry of Judgment including, but not limited to any motions for reconsideration based on L.R. 7-18.

Id. at 24–25. In accordance with Rule 11, the Trustees served the instant motions for sanctions on SEC's counsel on August 31, 2018, and waited to file the motions after SEC declined to withdraw its motions to vacate within the 21-day safe harbor period. See Fed. R. Civ. P. 11(c)(2); Dkt. 359, Declaration of Susan Graham Lovelace, ¶ 7.[5]

---

[5] The Court overrules SEC's objections on the grounds of foundation and speculation to this portion of Lovelace's declaration.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
|---|---|---|---|
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

After considering the matter, the Court finds that sanctions may be warranted. Despite the Ninth Circuit's decision and the parties' settlement thereafter, SEC has continued to file meritless challenges arguing that it is illegal for SEC to pay contributions to the Trustees based on bolt testing work. SEC's motions are particularly inappropriate because SEC already appealed the Court's entry of judgment in these actions and subsequently decided to dismiss its appeals. Yet, SEC came forward nearly a year later and claimed that a stipulated judgment filed in Sacramento County Superior Court—which did not involve or affect the Trustees—somehow invalidated the parties' settlement agreement. Putting aside the impropriety of SEC's multiple challenges to the settlement agreement, SEC's motions have also urged the Court to make rulings that undermine, if not conflict with, the Ninth Circuit's decision in this matter.

The frivolous legal arguments put forward by SEC's counsel, in addition to the impropriety of SEC's repetitive challenges to the Ninth Circuit's ruling and the parties' settlement agreement, are highly probative of SEC's improper purpose in filing these motions to vacate. At this juncture, SEC's challenges to the settlement agreement and the Ninth Circuit's ruling have become harassing and vexatious such that they justify the imposition of sanctions. Although sanctions are not usually awarded against represented parties, the Court finds SEC's continued conduct may be sanctionable because SEC has made the same meritless arguments—despite changing attorneys twice—to challenge the Ninth Circuit's ruling and the settlement agreement. By unnecessarily multiplying the legal proceedings and driving up the costs of litigation *after* signing a binding settlement agreement, SEC has unacceptably undermined the Trustees' expectation that the settlement would bring an end to these actions. The Trustees have been required to respond to several specious motions since the parties settled this action, and the Court finds that sanctions may be necessary to deter SEC, and others comparably situated, from continuing to challenge a settlement long after it has been finalized and the opportunity to appeal has passed.

The Court will not impose sanctions at this time but admonishes SEC and SEC's counsel that further improper motions will likely result in sanctions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| | CIVIL MINUTES – GENERAL | | 'O' |
| Case No. | 2:09-cv-01476-CAS (AJWx) <br> 2:13-cv-09545-CAS (VBKx) | Date | November 14, 2018 |
| Title | TRUSTEES OF THE OPERATING ENGINEERS PENSION TRUST ET AL. V. SMITH-EMERY COMPANY | | |

## V. CONCLUSION

Defendant's motions to vacate judgment are **DENIED**. Plaintiffs' motions for sanctions are **DENIED**.

IT IS SO ORDERED.

| | 00 | 00 |
|---|---|---|
| Initials of Preparer | CMJ | |